**UNITED STATES of America**

v.

**Robert BURKE, Appellant.**

**No. 08–2472.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 March 12, 2009.

Filed: April 7, 2009.

---

Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for Plaintiff.

Cheryl J. Sturm, Esq., Chadds Ford, PA, for Appellant.

Before: RENDELL, HARDIMAN and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

Appellant Robert Burke appeals from the District Court's order denying his "independent action for relief from order denying section 2255 motion" pursuant to *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944). For the reasons that follow, we will affirm.

This is the second time that Burke has sought to escape AEDPA's gatekeeping provisions by proceeding under *Hazel–Atlas*. Regardless, because he has not made out a viable claim of fraud, we need not decide whether such an application is a legitimate means of repeatedly attacking a criminal conviction or collateral attack proceedings. And while the District Court properly identified Burke's attempt to present two separate claims of fraud, one based on *Hazel–Atlas* and the other purportedly based on *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128 (9th Cir.1995), we restrict our analysis to Burke's claim based on the former to avoid duplicity, as *Pumphrey*'s relationship to *Hazel–Atlas* is indeed progenial.

Relief pursuant to *Hazel–Atlas* is extraordinarily rare, and a movant must establish "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 386–87 (3d Cir.2005). These four elements must be supported by "clear, unequivocal and convincing evidence." *Id.* at 387 (citations omitted). In addition, "perjury by a witness is not enough to constitute fraud upon the court." *Id.* at 390.

Simply put, the evidence Burke presents in the instant *Hazel–Atlas* action is merely an attempt to assuage the flaws we found in his previous *Hazel–Atlas* action ("*Burke I*"), and is dubious at best. Specifically, we said in *Burke I* that while "Walter Kates states that the 'feds' and the 'government' told [James David Louie] to testify against Burke ... this is not sufficient to implicate the prosecuting officials specifically." *United States v. Burke*, 193 Fed.Appx. 143, 144 (3d Cir.2006). Walter Kates now claims he remembers the names of the federal agents, explaining

that he "may have overlooked, or forgot to mention [them] in [his] previous affidavit." (Dist. Ct. dkt # 197, Ex. A.)

Next, Burke seeks to rebut our conclusion in *Burke I* that even if the government's witnesses had lied on the stand, his proffered evidence "[did] not establish that the prosecution intentionally permitted or condoned [the lying]." *Burke*, 193 Fed. Appx. at 144. To do this, he produces a new affidavit from Nick Vasiliades, who alleges that one of the witnesses, James Gray, told him in prison that the government knew of and condoned Gray's intent to lie on the stand in order to convict Burke. And in reference to why he failed to provide this double hearsay in his original affidavit, Vasiliades states that he "did not think these facts were needed." (Dist. Ct. dkt.# 197, Ex. B.)

Even presuming the veracity of Burke's affiants, he nonetheless has failed to present "clear, unequivocal and convincing evidence" of an intentional fraud on the court by the federal prosecutors in Burke's criminal case for substantially the reasons of the District Court.

There being no substantial question presented by Burke's appeal, we will summarily affirm the District Court's order dismissing the case. *See* LAR 27.4; I.O.P. 10.6.